```
 1  GEORGE S. CARDONA
    Acting United States Attorney
 2  ROBB C. ADKINS
    Assistant United States Attorney
 3  Chief, Santa Ana Branch Office
    JENNIFER L. WAIER
 4  Assistant United States Attorney
    California Bar Number:  209813
 5       411 West Fourth Street, Suite 8000
         Santa Ana, California 92701
 6       Telephone: (714) 338-3550
         Facsimile: (714) 338-3708
 7       E-mail:    Jennifer.Waier@usdoj.gov

 8  Attorney for Plaintiff
    United States of America
 9
```

                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) SA CR No. 08-251-DOC |
|---|---|
| Plaintiff, | ) STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND</u> |
| v. | ) <u>(2) FINDINGS OF EXCLUDABLE TIME</u> <u>PERIODS PURSUANT TO SPEEDY TRIAL</u> |
| TAN DUC NGUYEN, | ) <u>ACT</u> |
| Defendant. | ) **CURRENT TRIAL DATE:  2-9-10** <br> ) **PROPOSED TRIAL DATE: 5-11-10** |

    Plaintiff United States of America, by and through its
attorney of record, Assistant United States Attorney Jennifer L.
Waier, and defendant Tan Duc Nguyen, by and through his counsel
of record, H. Dean Steward, hereby stipulate as follows:

    1.   The Indictment in this case was filed on October 1,
2008.  Defendant first appeared before a judicial officer
of the court in which the charge in this case was pending on
October 14, 2008.  The Speedy Trial Act, 18 U.S.C. § 3161,
originally required that the trial commence on or before 70 days

from the latter of the filing of the indictment, or the defendant's initial appearance.

2. On October 14, 2008, the Court set a trial date of December 9, 2008 at 8:30 a.m.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 7 days.

4. By this stipulation, the parties jointly move to continue the trial date to May 11, 2010. This is the third request for a continuance.

5. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. This case involves voluminous discovery. In fact, on January 14, 2010, the government produced to defendant over 1600 pages of written discovery, nine compact discs, and eight audio cassettes.

    b. Due to the voluminous discovery, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

    c. On September 29, 2009, defendant's current counsel substituted in as counsel of record. Defense counsel is schedule to be in trial, which is estimated to last six weeks. Accordingly, defense counsel represents that he will not have the time that he believes is necessary to prepare and to try this case on the current trial date.

      d.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e.   On November 9, 2009, defendant filed a Motion for a Bill of Particulars.  On December 26, 2009, defendant filed a Motion to Suppress Evidence.  On January 19, 2010, this Court heard defendant's motions and issued a ruling on January 21, 2010.

      f.   On January 19, 2010, the Court advised defendant personally as to his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agreed to the continuance of the trial date, and waived his right to be brought to trial earlier than May 2010.

      g.   Defendant has been advised of his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agrees to the continuance of the trial date, and waives his right to be brought to trial earlier than May 11, 2010.

      h.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

        i.    The government does not object to the continuance.

        j.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

    6.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 21, 2010 to May 11, 2010, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (7)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize

the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

```
                              GEORGE S. CARDONA
                              Acting United States Attorney

                              ROBB C. ADKINS
                              Assistant United States Attorney
                              Chief, Santa Ana Branch Office


 2/1/10                       Jennifer L. Waier
DATE                          JENNIFER L. WAIER
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              United States of America
```

I am Tan Duc Nguyen's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than May 11, 2010 is an informed and voluntary one.

```
 2/1/10                       H. Dean Steward/JLW
DATE                          H. DEAN STEWARD
                              Attorney for Defendant
                              TAN DUC NGUYEN
```