ANDRÉ BIROTTE JR.
United States Attorney
DOUGLAS F. McCORMICK
Assistant United States Attorney
Acting Chief, Santa Ana Branch Office
JENNIFER L. WAIER
Assistant United States Attorney
California Bar Number: 209813
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3550
    Facsimile: (714) 338-3708
    E-mail:    Jennifer.Waier@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>         Plaintiff, <br>       v. <br> TAN DUC NGUYEN, <br>         Defendant. | SA CR No. 08-251-DOC <br><br> <u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> <br><br> **CURRENT TRIAL DATE: 5-11-10** <br> **PROPOSED TRIAL DATE: 8-17-10** |

    Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Jennifer L. Waier, and defendant Tan Duc Nguyen, by and through his counsel of record, H. Dean Steward, hereby stipulate as follows:

    1.    The Indictment in this case was filed on October 1, 2008. Defendant first appeared before a judicial officer of the court in which the charge in this case was pending on October 14, 2008. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before 70 days

Case 8:08-cr-00251-DOC   Document 58   Filed 04/27/10   Page 2 of 5

1 from the latter of the filing of the indictment, or the
2 defendant's initial appearance.
3     2.   On October 14, 2008, the Court set a trial date of
4 December 9, 2008 at 8:30 a.m.
5     3.   Defendant is released on bond pending trial.  The
6 parties estimate that the trial in this matter will last
7 approximately 7 days.
8     4.   By this stipulation, the parties jointly move to
9 continue the trial date to August 17, 2010.  This is the fourth
10 request for a continuance.
11     5.   The parties request the continuance based upon the
12 following facts, which the parties believe demonstrate good cause
13 to support the appropriate findings under the Speedy Trial Act:
14        a.   This case involves voluminous discovery.  In fact,
15 on January 14, 2010, the government produced to defendant over
16 1600 pages of written discovery, nine compact discs, and eight
17 audio cassettes.
18        b.   Due to the voluminous discovery, this case is so
19 unusual and so complex that it is unreasonable to expect adequate
20 preparation for pretrial proceedings or for the trial itself
21 within the Speedy Trial Act time limits.
22        c.   On September 29, 2009, defendant's current counsel
23 substituted in as counsel of record.  Accordingly, defense
24 counsel represents that he will not have the time that he
25 believes is necessary to prepare and to try this case on the
26 current trial date.
27
28

2

   d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e. On November 9, 2009, defendant filed a Motion for a Bill of Particulars.  On December 26, 2009, defendant filed a Motion to Suppress Evidence.  On January 19, 2010, this Court heard defendant's motions and issued a ruling on January 21, 2010.

   f. Defendant has been advised of his rights under the Speedy Trial Act, and defendant knowingly and voluntarily agrees to the continuance of the trial date, and waives his right to be brought to trial earlier than August 17, 2010.

   g. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

   h. The government does not object to the continuance.

   i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 11, 2010 to August 17, 2010, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (7)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

1    IT IS SO STIPULATED.

2                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
3
                                     DOUGLAS F. McCORMICK
4                                    Assistant United States Attorney
                                     Acting Chief, Santa Ana Branch Office
5

6
  _4/27/10_                          _Jennifer L. Waier_____
7 DATE                               JENNIFER L. WAIER
                                     Assistant United States Attorney
8                                    Attorneys for Plaintiff
                                     United States of America
9

10

11    I am Tan Duc Nguyen's attorney.  I have carefully discussed

12 every part of this stipulation and the continuance of the trial

13 date with my client.  I have fully informed my client of his

14 Speedy Trial rights.  To my knowledge, my client understands

15 those rights and agrees to waive them.  I believe that my

16 client's decision to give up the right to be brought to trial

17 earlier than August 17, 2010 is an informed and voluntary one.

18

19  _4/27/10_                         _H. Dean Steward/JLW_____
  DATE                                H. DEAN STEWARD
20                                    Attorney for Defendant
                                      TAN DUC NGUYEN
21

5